```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

DIANE MATHER,                    )   CIVIL NO. 13-00050 LEK-KSC
                                 )
           Plaintiff,            )
                                 )
     vs.                         )
                                 )
U.S. GOVERNMENT, FIRST           )
HAWAIIAN BANK, ET AL.,           )
                                 )
           Defendants.           )
_____
```

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

On January 25, 2013, pro se Plaintiff Diane Mather ("Plaintiff") filed an untitled document requesting "Judicial Review of Private Administrative Process." [Dkt. no. 1.] The Court construes this document as a Complaint. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The court may dismiss a

complaint for failure to satisfy Rule 8 if it is so confusing that its "'true substance, if any, is well disguised.'" Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Plaintiff is appearing pro se; consequently, the Court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365

(1982) (per curiam)).  Even liberally construed, however, the purported allegations in the Complaint are unintelligible and fail to state any kind of claim that is remotely plausible on its face.

      Plaintiff's Complaint does not identify any specific claims that Plaintiff is advancing, but rather merely attaches a number of exhibits that appear to relate in some way to Plaintiff's attempt to enter into some sort of written agreement, possibly related to an unpaid balance on a mortgage.  The Court cannot, however, make out a single allegation from the Complaint.  As such, the Complaint cannot be said to provide Defendants fair notice of the wrongs they have allegedly committed.  See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Gillibeau, 417 F.2d at 431 (stating that dismissal is appropriate where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised)).

      Accordingly, the Court HEREBY DISMISSES this action for failure to comply with Rule 8.  The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  As such, the dismissal of the Complaint is WITHOUT PREJUDICE.

Finally, the Court notes that Plaintiff has not paid the required civil filing fee or filed an application to proceed *in forma pauperis*. Failure to pay the filing fee or file an *in forma pauperis* application are sufficient grounds for dismissal of an action. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (finding that the district court had the authority to dismiss the complaint for failure to pay partial filing fee); In re Perroton, 958 F.2d 889, 896 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees). Thus, should Plaintiff file an amended complaint, to avoid dismissal, she must either pay the required filing fee or submit a completed and executed application to proceed *in forma pauperis*.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed January 25, 2013, is HEREBY DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 31, 2013.

/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DIANE MATHER V. U.S. GOVERNMENT, FIRST HAWAIIAN BANK, ET AL.; CIVIL NO. 13-00050 LEK-KSC; ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**